IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONDEX INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRIO SITEWORKS, LLC, *et al.* | : | NO. 19-614 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                  May 19, 2020

### I.   BACKGROUND

On February 12, 2019, Plaintiff Bondex Insurance Company filed its Complaint alleging, in count one, that Defendants, Trio Siteworks, LLC, Paul Verna and Maria Verna, were liable under an August 2, 2017 General Indemnity Agreement ("GIA") that Defendants had executed with Bondex; Bondex seeks specific performance of all indemnity provisions in the agreement. Complaint ("Comp.") at 2-5.  In count two, Bondex seeks contractual indemnification for losses on bonds Bondex issued for Defendants. *Id.* at 6.  In count three, Bondex demands that Defendants exonerate it and hold it harmless for all losses Bondex incurred in relation to the bonds it had issued for Defendants. *Id.* at 7.  Finally, in count four, Bondex seeks common law indemnity and exoneration solely against Trio. *Id.* at 8.  After the parties executed the GIA, Bondex issued surety bonds concerning construction projects that Trio attempted in Schwensksville Borough, PA and Lower Makefield Township, PA. *Id.* at 2, 4-5.  Bondex alleges that it sustained losses as a result of Trio's actions, or inactions, in those two projects. *Id.* at 4-5.  Bondex further alleges that it may incur further losses on other bonds it has issued for Defendants. *Id.* at 5.  Defendants filed their Answer on March 12, 2019.  On July 12, 2019, the parties consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c).

On April 13, 2020, Bondex filed a motion to amend the complaint, to add counts of fraud (count one), fraud in the inducement (count two), and fraudulent misrepresentation (count three) against Defendants.  In the proposed amended complaint, Bondex alleges that, on March 13, 2016, the United States Surety Company ("US Surety") had made a collateral demand to Paul and Maria Verna and Out of Site, another construction company they controlled at the time, because of anticipated losses on bonds US Surety had issued for the Vernas and Out of Site.  Proposed Amended Complaint ("Comp. 2") at 3.  On May 3, 2016, as part of Bondex's vetting process, the Vernas provided Bondex a Compiled Statement of Financial Condition; the Vernas did not disclose the March 13, 2016 collateral demand.  *Id.* at 2.  Additionally, on October 27, 2016, US Surety secured a judgment against the Vernas and Out of Site in the amount of $2,000,00.00.  *Id.*  Several months later, on August 2, 2017, the Vernas executed the GIA with Bondex that is the subject of this litigation.  Comp. at 2.  On August 22, 2017,  Mr. Verna disclosed US Surety's judgment to Bondex representatives; however, he failed to disclose that the judgment was not just against Out of Site, but also against him and his wife.  Comp. 2 at 4.  Finally, in a Financial Statement the Vernas provided to Bondex, on January 27, 2018, they failed to disclose the US Surety Judgment against them.  *Id.*

In addition to these new allegations concerning the US Surety judgment, Bondex now seeks to recover losses it incurred from another Trio project, the Republic Bank in Fairless Hills, PA. Comp. 2 at 5.  That project resulted in litigation with Nason Construction, Inc., in which Bondex incurred significant attorney's fees and which Bondex has already settled for $115,000.00.  *Id.* at 6.  Finally, for all three counts, Bondex seeks to recover damages, including treble damages and punitive damages, as a result of Defendants' alleged fraud.  *Id.* at 7-9.

On May 5, 2020, Defendants responded ("Resp.") to Bondex's motion to amend the

complaint. Defendants acknowledge that US Surety's Judgment was entered in October 2016, several months after the Verna's first financial disclosure in May 2016; further, since Bondex issued no new bonds to Defendants based upon the Vernas' January 2018 financial disclosure, Defendants maintain that Bondex was not induced to issue any bonds by the Vernas' failure to disclose the US Surety Judgment. Declaration of Christopher J. Amentas ("Am. Dec.") at 2-3. Because this element of fraud is lacking, Defendants maintain that Bondex fails to state a claim based upon the Vernas' failure to disclose the US Surety Judgment; therefore, it would be futile to allow the proposed amendment. *Id.* at 3-4. Defendants also argue that Bondex's fraud claims are time-barred, because Bondex alleges it learned of US Surety's Judgment in late August 2017, but it failed to file the proposed amended complaint within Pennsylvania's two-year statute of limitations for fraud. *Id.* at 4-5.

In its Reply, Bondex devotes a great deal of attention to the time-bar question and the related question of whether the allegations in the proposed amended complaint relate back to the original complaint, to avoid any time-bar concerns. Reply at 1-9. However, Bondex fails to address the futility question, because it does not explain how the three counts in its proposed amended complaint plausibly plead all the required elements for fraud.

This court finds that Bondex's allegations about the Vernas' conduct after the contract already had been executed do not properly plead a tort, hence, amending the complaint to allow these post-contract fraud allegations would prove futile. However, Bondex's allegations about the Vernas' conduct before the contract was signed do plausibly state tort claims. Furthermore, in the GIA, the parties agreed to waive any statute of limitations defenses, hence, timeliness is not an impediment to amending the complaint. Therefore, Bondex is permitted to file an amended complaint alleging fraud, but only based upon the Vernas' alleged conduct prior to executing the

3

GIA.

## II. STANDARD FOR AMENDING COMPLAINTS

Once 21 days elapse from the filing of the Complaint, it may be amended only upon the written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend should be allowed freely by the court, when justice so requires. *Id.* However, undue delay, bad faith, dilatory motive, prejudice or futility will result in the denial of leave to amend. *Spartan Concrete Products. LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (citations omitted). If the proposed amendment would not survive a motion to dismiss for failure to state a claim then it is futile, and the amendment will not be allowed. *Budhun v. Reading Hosp. & Medical Center*, 765 F.3d 245, 259 (3d Cir. 2014) (citation omitted).

A proposed amendment could appear to be time-barred, and yet relate back to the original pleading and, hence, be timely. Fed. R. Civ. P. 15(c)(1). A common reason to allow relation-back arises when the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In deciding whether relation-back exists, the court looks for a "'common core of operative facts in the two pleadings.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). The original complaint must give the defendants adequate notice "'of the basis for liability the plaintiffs would later advance in the amended complaint.'" *Glover*, 698 F.3d at 146 (quoting *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008)). That is, the defendants must have "'fair notice of the general fact situation and the legal theory upon which the amending party proceeds.'" *Glover*, 698 F.3d at 146 (quoting *Bensel*, 387 F.3d at 310). If the amendment alleges new facts that create new bases of liability for the defendant(s), then, relation-back will not be allowed. *See Glover*, 698

F.3d at 146-48.

### III. MOTION TO DISMISS STANDARD

As explained by the Third Circuit:

> For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) (quotation marks and citation omitted). However, we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

*Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). The court must determine if Plaintiff's claims are facially plausible, *i.e.*, the plaintiff has pleaded sufficient facts to allow the court to draw the reasonable inference that the defendant is liable on the basis alleged. *Mammana v. Federal Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (citations omitted).

### IV. DISCUSSION

**A. Futility**

Defendants maintain it is futile to allow the proposed amendment, because Bondex's allegations reveal that none of the Vernas' allegedly fraudulent acts – concealing the collateral call and failing to reveal that the US Surety judgment was against them personally – induced Bondex to issue any bonds to Defendants. In its Reply, Bondex does not address this futility question, focusing, instead, on the time-bar question Defendants raise. This court concludes that it is futile to allow the amendment, insofar as it relies upon the Vernas's conduct after the GIA was signed. As to the Vernas' actions in 2016, before they signed the GIA, a tort claim is viable.

In Pennsylvania, the elements of common law fraud are: "'(1) a misrepresentation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.'" *Norfolk Southern Railway Co. v. Pittsburgh & West Virginia Railroad*, 870 F.3d 244, 255 (3d Cir. 2017) (quoting *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994)). This standard applies to fraudulent inducement claims as well. *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 256-57 (3d Cir. 2013) (citations omitted). When parties to a contractual relationship sue each other, the question arises whether the cause of action is properly based upon tort, as Bondex alleges herein, or contract. This question is determined by consideration of what creates the duty that the pleading alleges was breached by the defendants. *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014). If the duty alleged in the pleading is created by a contract between the parties – "i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence for the contract" – the action is properly viewed as one for breach of contract. *Id.* If, instead, the duty alleged is one the law imposes as a matter of policy, "and, hence, exists regardless of the contract, then it must be regarded as a tort." *Id.*

The last fraudulent act Bondex mentions, the Vernas' failure to disclose the US Surety judgment against them in the January 27, 2018 Financial Statement they provided to Bondex, clearly alleges a breach of the Vernas' contractual duties to Bondex. In fact, Bondex cites the contract between it and Defendants as the source of the Vernas' duty to accurately inform Bondex of their financial condition. Reply at 7 (citing GIA at ¶ 6.8). The Vernas' duty to disclose the judgment against them was clearly based upon the contract; their alleged failure to comply breaches a contractual duty and is not a tort. Hence, it is futile to allow Bondex's proposed

amendment, insofar as it pleads a tort claim based upon the Vernas' January 27, 2018 Financial Statement. The same is true for Mr. Verna's false representation to Bondex in August 22, 2017 that the US Surety judgment was only entered against Out of Site. The parties' contract required Mr. Verna to accurately answer Bondex's questions concerning his financial status. GIA at ¶ 6.8. His alleged failure to do so constitutes a breach of his contractual duty, not a tort.

As to the Vernas's failure to disclose US Surety's March 13, 2016 collateral call in their May 3, 2016 Compiled Statement of Financial Condition and the subsequent entry of the US Surety judgment against them on October 27, 2016, those acts occurred before the parties executed their contract on August 2, 2017. Hence, those acts could not possibly breach any contractual duty the Vernas owed Bondex. A tort claim for fraud is the only possible claim Bondex could pursue based upon that conduct.

Defendants fail to identify precisely which required element, or elements, of Bondex's fraud claims they believe are inadequately pleaded, although they imply a lack of causation. *See* Am. Dec. at 3-4. Accepting Bondex's allegations as true, the first five elements of fraud are plausible. The question of proximate cause based upon the fraud alleged herein turns on whether Bondex would have entered into a contract with Defendants if it had known that the Vernas' had a $2,000,000.00 judgment against them that was based upon the inadequate performance of another construction company Mr. Verna owned. *See Norfolk Southern Railway Co.*, 870 F.3d at 255-56 (citations omitted). Disclosing this information would have exposed Mr. Verna as more of a business risk; therefore, it is plausible, that Bondex would not have entered into a contract with him and the other Defendants or would have demanded higher premiums or more collateral. Hence, Bondex has adequately pleaded fraud claims, based upon the Vernas' failure to disclose the 2016 collateral call and 2016 US Surety Judgment.

7

**B.      Time-Bar**

Defendants also argue that any fraud claims are barred by Pennsylvania's two-year statute of limitations, since Bondex discovered their concealment of the US Surety judgment on August 22, 2017; hence, Bondex needed to plead fraud claims by August 21, 2019.  Am. Dec. at 4-5. Bondex accurately notes that the parties' contract waives any statute of limitations defenses.  Reply at 5 (citing GIA at ¶ 9.4).  Inasmuch as the parties have agreed to waive any statute of limitations defenses they may have, untimeliness is not an impediment to the amendment.

The motion to amend is granted in part and denied in part.  An implementing Order follows.