IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONDEX INSURANCE CO. | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 19- cv-614-JHS |
| | : | |
| TRIO SITEWORKS, LLC; PAUL VERNA | : | |
| and MARIA VERNA | : | |
| | : | |

## DEFENDANTS', TRIO SITEWORKS, LLC; PAUL VERNA; AND MARIA VERNA'S, ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Trio Siteworks, LLC ("Trio"); Paul Verna; and Maria Verna, by and through their undersigned counsel, hereby answer Plaintiff's Amended Complaint as follows:

## PARTIES

1.      Denied. After reasonable investigation, defendants are without knowledge or information sufficient to form a belief as to the truth of these averments; therefore, they are deemed denied.

2.      Denied. Trio is a Pennsylvania Limited Liability Company. Moreover, Trio no longer conducts business at any location.

3.      Admitted.

4.      Admitted.

## JURISDICTION AND VENUE

5.      The averments of the corresponding paragraph constitute one or more conclusion(s) of law and, as such, are deemed denied.

6.      The averments of the corresponding paragraph constitute one or more conclusion(s) of law and, as such, are deemed denied.

1

## FIRST COUNT

### (Fraud)

7.    Defendants incorporate the foregoing responses to the corresponding paragraphs of Plaintiff's Amended Complaint as though set forth at length herein.

8.    Denied as stated, insofar as it is not clear to Defendants what "principals and/or representatives" Plaintiff is referring to.

9.    Denied as stated.  Defendants are unaware of the "conditions" and "procedures" Plaintiff is referring to, herein.

10.    Denied as stated.  Defendants are unfamiliar with Plaintiff's "underwriting process".

11.    Denied as stated.  Defendants are unfamiliar with Plaintiff's "underwriting process".  Defendants admit only that the Vernas submitted the "2016 Financial Condition Statement" to Bondex on or about May 3, 2016.

12.    Admitted, with the proviso that the document speaks for itself.

13.    Admitted.

14.    Denied as stated, insofar as the document speaks for itself.

15.    Denied.  Maria Verna has never been an owner of Out of Site.  Rather, Paul Verna owns of Out of Site.

16.    Denied as stated, in accordance with Paragraph 15, hereof.

17.    Denied as stated, in that Plaintiff has not identified or attached the document ("General Agreement of Indemity") it refers to in the corresponding paragraph.  Moreover, the document would speak for itself.

18.     Admitted, with the proviso that it is unclear what specific "Performance Bond(s)"
Plaintiff is referring to.

19.     Denied, insofar as it is unclear to Defendants what "collateral demand" Plaintiff is
referring to.

20.     Denied, in accordance with Paragraph 19, hereof.

21.     Denied as stated, insofar as the document speaks for itself.

22.     Denied.  On the contrary, the Vernas had no such knowledge when they submitted
the 2016 Financial Statement.

23.     Denied as a conclusion of law.  In the alternative, Defendants deny that they
failed to discharge any "obligation" to advise Bondex with respect to any alleged liability from a
"collateral demand".

24.     Denied as stated, insofar as the judgment speaks for itself and was for a figure in
excess of $2,000,000.

25.     Denied as stated, in that the averments of the corresponding paragraph assume
that the Vernas were obliged to make such a specific disclosure at a particular time.  In any
event, Plaintiff itself has acknowledged that it was made aware of existence of the Judgment as
early as August, 2107, and Defendants deny ever saying or suggesting that the Judgment did not
include them, personally.

26.     Denied as a conclusion of law.  In the alternative, the Vernas are not familiar with
Plaintiff's alleged "underwriting process" and any alleged "obligations" the Vernas allegedly had
thereunder.  Therefore, the averments of the corresponding paragraph are denied.

27.     Denied as stated.  The Vernas deny that they were obliged to make any specific
disclosure(s) as alleged, and cannot speak to what Bondex "would have considered" at any

3

particular time.  In any event, Plaintiff itself has acknowledged that it was made aware of

existence of the Judgment as early as August, 2107, and Defendants deny ever saying or

suggesting that the Judgment did not include them, personally.

28.     Denied as stated.  The Vernas deny that they were obliged to make any specific

disclosure(s) as alleged, and cannot speak to what would have affected any of Bondex's alleged

"underwriting decisions".  In any event, Plaintiff itself has acknowledged that it was made aware

of existence of the Judgment as early as August, 2107, and Defendants deny ever saying or

suggesting that the Judgment did not include them, personally.

29.     Denied as a conclusion of law.  In the alternative, the averments are denied in

accordance with the foregoing.

30.     Denied as a conclusion of law.  In the alternative, the averments are denied in

accordance with the foregoing.

31.     Denied as a conclusion of law.  In the alternative, the Vernas deny making

"misrepresentations" as alleged.

32.     Denied as a conclusion of law.  In the alternative, the Vernas deny making

"misrepresentations" as alleged, and deny all allegations of "reliance" thereon.

33.     Denied as stated, insofar as it is not clear what "claims", "bonds", and "losses"

Plaintiff is referring to.

## CONSTRUCTION OF THE REPUBLIC BANK FAIRLESS HILLS, PARCEL #05-46-388

### Parcel B ("Fairless Hills Bond")

34.     Denied in part, admitted in part.  Defendants admit that the Fairless Hills Bond

was issued in connection with the Fairless Hills Project.  Otherwise, Defendants deny that the

"Indemitors" made any "specific request" to Plaintiff to issue the Fairless Hills Bond, and cannot

speak to what Plaintiff may have relied upon in issuing the Bond.

35. Admitted, upon information and belief.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted, upon information and belief.

40. Denied as stated.

## SCHWENKSVILLE BOROUGH AUTHORITY BOND ("SCHWENKSVILLE PAYMENT BOND")

41. Admitted.

42. Admitted, upon information and belief.

43. Denied as stated. Defendants admit that Bondex has received bond claims, but

cannot say to what extent Bondex "has sustained and/or will sustain losses" in connection with

the relevant bond.

## LOWER MAKEFIELD TOWNSHIP, PA BID BOND ("LOWER MAKEFIELD BID BOND")

44. Admitted.

45. Admitted.

46. Denied as stated, insofar as Lower Makefield has released all claims against Trio

and Bondex relative to the Heacock Project.

47. Denied as stated, insofar as Lower Makefield has released all claims against Trio

and Bondex relative to the Heacock Project.

48.     Denied as stated, insofar as Lower Makefield has released all claims against Trio and Bondex relative to the Heacock Project.

49.     Denied as stated.

50.     Denied as stated, insofar as Lower Makefield has released all claims against Trio and Bondex relative to the Heacock Project.

51.     Denied as stated.

52.     Denied. The Vernas deny committing any fraud resulting in damages to Plaintiff.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

## SECOND COUNT

(Fraud in the Inducement)

53.     Defendants incorporate the foregoing responses to the corresponding paragraphs of Plaintiff's Amended Complaint as though set forth at length herein.

54.     Denied as stated.

55.     Denied as a conclusion of law. In the alternative, Defendants cannot speak to what "representations" Plaintiff may or may not have considered "material"; therefore, the averments are denied.

56.     Denied as a conclusion of law. In the alternative, the Vernas deny making representations as alleged.

57.     Denied as a conclusion of law. In the alternative, the Vernas deny making representations as alleged.

58.     Denied as a conclusion of law. In the alternative, the Vernas deny making representations as alleged.

6

59.     Denied as a conclusion of law. In the alternative, the Vernas deny making

"misrepresentations" as alleged, and deny all allegations of "reliance" thereon.

60.     Denied as stated.

61.     Denied as a conclusion of law. In the alternative, the Vernas deny engaging in the

conduct alleged herein.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

## THIRD COUNT

### (Fraudulent Misrepresentation)

62.     Defendants incorporate the foregoing responses to the corresponding paragraphs

of the Plaintiff's Amended Complaint as though set forth at length herein.

63.     Denied as stated.

64.     Denied. The Vernas deny making any false representations as alleged.

65.     Denied. The Vernas deny making any false representations as alleged.

66.     Denied as a conclusion of law. In the alternative, the Vernas deny making

representations as alleged, and deny all allegations of "reliance" thereon.

67.     Denied. The Vernas deny making any representations as alleged.

68.     Denied as a conclusion of law. In the alternative, the Vernas deny making

representations as alleged, deny all allegations of "reliance" thereon, and deny that Bondex

suffered any damages thereby.

69.     Denied as a conclusion of law. In the alternative, the Vernas deny making

"misrepresentations" as alleged, and deny that Bondex suffered any damages thereby.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

## FOURTH COUNT

(Specific Enforcement of General Indemnity Agreement)

70.     Defendants incorporate the foregoing responses to the corresponding paragraphs of Plaintiff's Amended Complaint as though set forth at length herein.

71.     Denied as stated, insofar as it is not clear to Defendants what "principals and/or representatives" Bondex is referring to.

72.     The averments of the corresponding paragraph constitute one or more conclusion(s) of law and, as such, are deemed denied. Moreover, the document in question speaks for itself.

73.     The document in question speaks for itself.  As such, Bondex's characterization of the same is denied.

74.     Denied as stated, insofar as it is not clear to Defendants what "specific request" Bondex is referring to, and what Bondex may or may not have relied upon in issuing the bonds in question.

75.     Denied as stated.  Defendants admit that Bondex has received claims, but cannot say to what extent Bondex "has and will continue to sustain losses" on any relevant bonds.

76.     Denied as a conclusion of law, and insofar as the document speaks for itself.

77.     Denied as a conclusion of law.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

## FIFTH COUNT

(Contractual Indemnification)

78.     Defendants incorporate the foregoing responses to the corresponding paragraphs of Plaintiff's Amended Complaint as though set forth at length herein.

8

79.     Denied as one or more conclusion(s) of law, and insofar as the document speaks for itself.

80.     Denied as one or more conclusion(s) of law, and insofar as the document speaks for itself.

81.     Denied as one or more conclusion(s) of law, and insofar as the document speaks for itself.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

## SIXTH COUNT

### (Contractual Exoneration)

82.     Defendants incorporate the foregoing responses to the corresponding paragraphs of the Plaintiff's Amended Complaint as though set forth at length herein.

83.     Denied as one or more conclusion(s) of law, and insofar as the document speaks for itself.

84.     Denied as one or more conclusion(s) of law, and insofar as the document speaks for itself.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

## SEVENTH COUNT

### (Common Law Exoneration and Indemnification)

85.     Defendants incorporate the foregoing responses to the corresponding paragraphs of Plaintiff's Amended Complaint as though set forth at length herein.

86.     Admitted.

87.     The averments of the corresponding paragraph constitute one or more conclusion(s) of law and, as such, are deemed denied.

88.     The averments of the corresponding paragraph constitute conclusions of law and, as such, are deemed denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Bondex has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Bondex's claims are barred by the doctrines of estoppel, waiver and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Bondex's claims are barred by failure of consideration.

## FOURTH AFFIRMATIVE DEFENSE

Bondex's clams are barred by the applicable statute(s) of limitation

## RELIEF REQUESTED

Wherefore, Defendants deny that Plaintiff is entitled to the requested relief and requests judgment in their favor, along with any additional relief deemed just and proper.

CAROSELLA & ASSOCIATES, P.C.

By: *Christopher J. Amentas, Esq.*
       Christopher J. Amentas, Esquire
       882 S. Matlack Street - Suite 101
       West Chester, PA   19382
       (610) 431-3300 (p)
       (610) 431-6363 (f)
       Attorney for Defendants